

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMH:JBD  
F. # 2022R00650

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 27, 2023

By Email

The Honorable Robert M. Levy  
United States Magistrate Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

          Re:    United States v. Julian Gonzalez  
                  Magistrate Docket No. 23-257

Dear Judge Levy:

       The government submits this letter in advance of the defendant Julian Gonzalez's arraignment scheduled for 2 p.m. today. For the reasons stated below, the government moves that the defendant be detained. Through his actions, the defendant has made unambiguously clear that if allowed out on bail, he will continue to obstruct justice and attempt to evade law enforcement detection. There is no set of conditions that will prevent him from doing so, and he should therefore be detained.

    I.      Background

       Law enforcement has been investigating the defendant in connection with a large-scale narcotics distribution conspiracy. As part of the government's investigation, on March 17, 2023, agents from the Federal Bureau of Investigation ("FBI") obtained authorization to search and seize a cellular telephone belonging to the defendant. That same evening, FBI agents approached the defendant at John F. Kennedy International Airport, identified themselves, and provided the defendant with a copy of the search warrant.

       The defendant initially complied with agents' request that he surrender his phone. After agents confirmed that the device the defendant surrendered was the device subject to the search warrant and had begun looking at material on the phone, the defendant asked to use the phone to call his wife. When agents handed the phone to the defendant, he proceeded to violently throw the phone on the ground and then attempted to stomp on the phone before being restrained by agents. A short time later, the defendant was released from law enforcement custody.

On March 22, 2023, a warrant was issued for the defendant's arrest. The arrest warrant was supported by a complaint charging the defendant with obstruction of justice, in violation of Title 18 United States Code, Section 1512(c)(1), arising from his attempt to destroy his cell phone before it could be searched pursuant to a lawfully executed search warrant.

Between the time of his release on March 17, 2023 and the evening of March 26, 2023, when he was apprehended, the defendant has been actively hiding from law enforcement. The defendant has not been staying at his home in Manhattan or another address at which he frequently stays in Yonkers, New York. Rather, the defendant has been staying at two different hotels—one in Yonkers and the other in Queens, New York.

Moreover, when the defendant was arrested last night in the vicinity of the Yonkers hotel in which he had been staying, law enforcement found a Texas license plate in the back seat of the defendant's car. The license plate was not associated with the car the defendant was driving and was instead linked to a trailer registered to a limited liability corporation in Texas.

II.    The Defendant's Criminal History

The defendant previously pled guilty in the Eastern District of Pennsylvania to conspiracy to distribute cocaine, in violation of Title 21, United States Code, Section 846 and was sentenced to a term of 110 months' imprisonment and five years of supervised release in 2002. The defendant was released from prison in 2011 and completed his term of supervised release in 2016.

III.    Legal Standard

Under the Bail Reform Act, Title 18, United States Code, Section 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); see also United States v. Abuhamra, 389 F.3d 309, 320 n.7 (2d Cir. 2004).

The Bail Reform Act lists four factors to be considered in the detention analysis, whether for risk of flight or dangerousness: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. See 18 U.S.C. § 3142(g); see also United States v. Jacobson, 502 F. App'x 31, 32 (2d Cir. 2012).

Where the evidence of guilt is strong, it provides "a considerable incentive to flee." United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993); see also United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987) (per curiam) (where "the evidence against defendants is strong, the incentive for relocation is increased").

Additionally, the possibility of a severe sentence is an important factor in assessing a defendant's likelihood of flight. See Jackson, 823 F.2d at 7; United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986) (defendants charged with serious offenses whose maximum combined terms created potent incentives to flee).

Under the Bail Reform Act, the government may proceed by proffer, United States v. Ferranti, 66 F.3d 540, 541 (2d Cir. 1995); see also United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000) (explaining that the government is entitled to proceed by proffer in a detention hearing); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (same). Furthermore, "[t]he rules of evidence do not apply in a detention hearing." United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995); see also United States v. Agnello, 101 F. Supp. 2d 108, 110 (E.D.N.Y. 2000) ("[E]vidence may be supplied through proffers and hearsay information, and the rules of evidence do not apply.").

IV.   The Defendant Should Be Detained

For the reasons described below, the defendant poses as significant flight risk. Specifically, the facts suggest a likelihood that the defendant, if released pending trial, will flee, and that he will continue to obstruct an ongoing federal investigation in a manner that endangers the administration of justice. Accordingly, no combination of bail conditions will ensure the defendant's appearance in court and his compliance with court orders. A permanent order of detention should therefore be entered.

Each of the factors enumerated in 18 U.S.C. § 3142(g) weighs heavily in favor of pretrial detention. First, the charged conduct is serious. Blatantly attempting to a destroy a cell phone before it can be searched pursuant to a warrant not only shows an utter disregard for the judicial process, but reflects the lengths to which the defendant is clearly willing to go to disrupt the government's investigation and prevent the government from uncovering the extent of his criminal activity.

Second, the evidence against the defendant is overwhelming. His conduct was witnessed by approximately seven laws enforcement agents.

Third, the defendant's history and characteristics demonstrate that he cannot be trusted to abide by pretrial conditions of release. The defendant's recent conduct after execution of the search warrant on March 17, 2023—including staying at multiple hotels and possessing a license plate that appears designed to help him evade detection of his vehicle—indicate that he is intent upon avoiding both the government's ongoing investigation and prosecution for the instant offense.

Fourth, the defendant poses a serious flight risk, proven most recently by his pattern of activity designed to avoid law enforcement detection over the last 10 days. Additionally, the defendant is now on notice that he is under investigation for significant federal narcotics offenses. And particularly given the defendant's prior guilty plea to a serious drug offense, he is undoubtedly aware that he faces significant prison time if convicted for narcotics offenses in connection with the government's ongoing investigation. These penalties give the defendant an incentive to flee. See, e.g., Jackson, 823 F.2d at 7. When the incentive to flee is so

3

strong, no combination of sureties and other restrictions can assure his appearance.  See, e.g., United States v. English, 629 F.3d 311, 321-22 (2d Cir. 2011) (affirming detention in part because the defendant faced a presumption against release and a mandatory minimum sentence that incentivized fleeing); see also United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (the defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

Since being confronted by FBI agents on March 17, the defendant has shown that he is aware that he is facing significant consequences for his ongoing criminal activity and has shown that he is unwilling to accept the consequences of his crimes.  He should not be afforded another opportunity to flee or otherwise thwart the administration of justice here.

V.      Conclusion

For the reasons set forth above, the government respectfully requests that the defendant be held without bail pending trial because no combination of conditions can ensure his reappearance.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/ _____
Joshua B. Dugan
Assistant U.S. Attorney
(718) 254-6144

cc:     Clerk of Court (RML)
        Defense Counsel (via email)